**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Robert L. Velderman**, | ) | |
| | ) | Case No. 1:04-cv-269 |
| Plaintiff, | ) | |
| | ) | Hon. Hugh W. Brenneman, Jr. |
| v. | ) | |
| | ) | |
| **Midland Credit Management, Inc.**, | ) | **Plaintiff's Reply Brief in Support** |
| a Kansas corporation, | ) | **of Partial Summary Judgment** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     Introduction**

This brief addresses various issues raised by defendant in its brief opposing plaintiff's

motion for partial summary judgment.

**II.     Summary Judgment is *not* premature**

In Sections I and II of its brief, defendant repeats the arguments made in its prior Motion

to Extend Time for Discovery and to Respond to Plaintiff's Motion for Partial Summary

Judgment.

As stated in plaintiff's previously filed brief opposing defendant's motion, it is

undisputed that defendant did not conduct any discovery during the discovery period set by the

Case Management Order, and waited until after discovery has closed (and indeed until after the

time for filing dispositive motions has passed) before filing a motion to extend discovery and

postpone the time by which it must respond to plaintiff's pending motion for partial summary

judgment.  Further, the Rule 56(f) affidavit filed by defendant's attorney failed to describe with

particularity the discovery the movant intends to seek, failed to explain how that discovery

1

would preclude the entry of summary judgment, and failed to provide a statement justifying why this discovery had not been or could not have been obtained earlier. Finally, it is clear when reviewing the discovery requests that even if answered by plaintiff, the responses would not contradict the undisputed facts as set forth in plaintiff's motion for partial summary judgment.

As stated by defendant in its brief, "the Supreme Court has explained that summary judgment should normally only be considered 'after adequate time for discovery . . . .' *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)." In this case, defendant had enough time for discovery, but choose to begin discovery only after the time set for discovery had passed.

For the reasons expressed in plaintiff's brief opposing defendant's prior motion, plaintiff's motion for partial summary judgment is not premature.

## III.    Plaintiff's summary judgment evidence *is* competent

In Section III of its brief, defendant argues that the evidence relied upon by plaintiff to support his motion for partial summary judgment is not competent. Defendant is wrong.

Defendant first argues that plaintiff's affidavit is not sufficient because the affidavit refers to an audio recording[1] but a certified copy of the audio recording was not attached to the affidavit. According to defendant, the absence of the audio recording failed to satisfy Rule 56(e). Defendant's argument is without merit.

---

[1] Defendant states in brief (footnote 2) that "Plaintiff made this recording without the knowledge or consent of Midland in potential violation of the Michigan Eavesdropping Statute, M.C.L. section 750.539 et. seq." Defendant's effort to disparage plaintiff is disingenuous at best. As defendant's counsel knows, more than twenty years ago, the Michigan Court of Appeals held that Michigan is a "one party consent" state and that the Michigan Eavesdropping Statute permits a participant in a telephone call to record and utilize telephone conversations without disclosure to the other participant that the call is being recorded. As stated by the court in support of its holding: "A recording made by a participant is nothing more than a more accurate record of what was said." *Sullivan v. Gray,* 117 Mich App 476, 482 (1982).

2

To be considered on a motion for summary judgment, an affidavit must satisfy three prerequisites: it must be sworn upon personal knowledge, it must state specific facts admissible at time of trial, and it must be offered by a competent affiant.  *Markel v. Board of Regents of Univ. of Wisc. Sys.,* 276 F.3d 906, 912 (7th Cir. 2002).  In the case at bar, plaintiff's affidavit satisfies all three prerequisites.

Although defendant takes issue with plaintiff's failure to attach a certified copy of the audio recording, the issue is a red herring because plaintiff's statements in the affidavit are sufficient to support plaintiff's  motion for partial summary judgment, *independent* of any audio recording.  Specifically, plaintiff sworn affidavit expressly recites that the statements contained therein are "true and correct" and are they based upon plaintiff's personal knowledge.

In Paragraphs 9 through 15 of his affidavit, plaintiff makes various statements regarding a telephone conversation he had with defendant's employee.  The fact that plaintiff states in Paragraphs 16 and 17 of the affidavit that he also made an audio recording of the conversation and that his memory of the conversation is consistent with the audio recording does not diminish the sufficiency of his sworn statement reciting the words which were spoken to him by defendant's employee.  Stated differently, the affidavit would be sufficient to support plaintiff's motion for partial summary judgment if it made no reference at all to the audio recording.  The fact that the affidavit mentions the existence of the audio recording does not somehow transform plaintiff's affidavit into insufficient or incompetent evidence of what plaintiff has sworn that he remembers.  Plaintiff does not *need* the audio tape to make his case.  His undisputed and sworn statement is sufficient.

Defendant next argues that "the statements offered in Plaintiff's affidavit with respect to

3

the alleged conversation between Plaintiff and Midland's employee are incompetent summary judgment evidence because they are hearsay, to which no exceptions apply."  Defendant's Brief, p. 5.  Defendant is wrong.

Contrary to what defendant argues, plaintiff most assuredly is *not* offering the statements of defendant's employee "to prove the truth of the matter asserted," *i.e.,* that plaintiff could no longer dispute the validity of the underlying debt.  To the contrary, plaintiff's entire case is premised on the very claim that the statements made by defendant's employee were *false*, and therefore violated the FDCPA and MCPA.

Plaintiff in his affidavit attests that defendant's employee made certain statements, not for the purpose proving the truth of those statements, but merely for the purpose of establishing that the statements were made.  As such, the evidence is not hearsay.

Perhaps more fundamentally, under the Federal Rules of Evidence it is axiomatic that an admission by a party-opponent is not hearsay: "A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."  Rule 801(d)(2)(D).

Plaintiff's affidavit states that defendant's employee made various statements.  Plaintiff's testimony as contained in the affidavit is not hearsay and is sufficient to support plaintiff's motion for partial summary judgment.

Finally, defendant argues that plaintiff's affidavit is "defective" because plaintiff quotes in  Paragraphs 9 through 15 of his affidavit various actionable words spoken by defendant's employee to plaintiff in a telephone conversation, and then in Paragraph 17 states that the quoted

4

words "comport" with plaintiff's memory of the telephone conversation.  According to defendant, because plaintiff uses the word "comport," plaintiff's affidavit "does not attest that those statements are true and correct to the best of his knowledge."  Defendant's Brief, p. 5-6. Defendant is wrong.

The first sentence of plaintiff's affidavit states: "Robert L. Velderman declares under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the following statements are true and correct . . . ."  Then, in Paragraphs 9 through 15 of his affidavit, plaintiff makes various statements regarding actionable words spoken by defendant's employee to plaintiff in a telephone conversation.  Plaintiff's affidavit is sufficient because it is sworn upon personal knowledge, states specific facts admissible at trial, and is offered by a competent affiant.  *Markel, supra.*

Contrary to what defendant argues, plaintiff's statement in Paragraph 17 of the affidavit that the quoted words in Paragraphs 9 through 15 of the affidavit  "comport" (*i.e.,* **agree**) with his memory of the conversation actually confirms that matters set forth in the affidavit are true and correct to the best of his knowledge.  Thus, plaintiff's statements in the affidavit are sufficient to support plaintiff's  motion for partial summary judgment.

**IV.    The Court must disregard defendant's "Concise Statement of Reasons in Opposition to Plaintiff's Motion" and the attached "transcript"**

In Section IV of its brief, defendant argues that in the October 29, 2003 telephone conversation between plaintiff and defendant's employee, the parties made statements apart from the statements described in plaintiff's affidavit, and suggests that these supposed other statements somehow would exonerate defendant.  Defendant has attached to its brief what it claims is a transcript of the entire conversation.

As an initial matter, plaintiff disputes that the document is a true and accurate transcript of the telephone conversation between plaintiff and defendant's employee. And even if the supposed transcript were true and accurate, nothing contained in the document would preclude the Court from granting plaintiff's motion for partial summary judgment. To the contrary, the supposed transcript actually supports plaintiff's claims that defendant has violated the FDCPA and MCPA.

Regardless, the Court cannot consider the supposed transcript when deciding plaintiff's motion because defendant has failed all together in laying any sort of foundation for the supposed transcript and the document is not admissible.

**V.  Defendant has admitted making statements which violated the FDCPA**

As stated in plaintiff's initial brief, defendant's collector told plaintiff that because he had not previously disputed the debt to defendant in writing, he had waived his right to dispute owing the debt (other than for a dispute based on fraud) and had conceded liability for the debt. This representation by defendant was false and therefore violated the FDCPA.

Defendant argues in its brief that it did not violate the FDCPA. To support its defense, defendant correctly states that if a debt collector provides a consumer with notice of the consumer's right to dispute a debt, and if the consumer fails to dispute the debt within 30 days after receiving the notice, then the debt collector can "assume" the debt to be valid pursuant to 15 U.S.C. § 1692g(a)(3). Defendant's Brief, p. 9-10.

However, defendant gets trouble in trouble because of statements made by its employee regarding the consequences that result when a consumer allegedly fails to dispute a debt within the thirty-day period. Specifically, defendant in its brief concedes that because the thirty-

period had allegedly run, in order to dispute the debt,  "You would have to provide us proof of why your dispute is valid."  Defendant's Brief, p. 10.  Similarly, defendant admits that it's employee told plaintiff: "No, you have to have proof.  That's what disputes do.  Disputes are something that you know is wrong and you can prove why it is wrong.  That's what a dispute is." Defendant's Brief, p. 11.  Unfortunately for defendant, its employee is wrong.  A consumer does *not* need to provide "proof" to dispute a debt, regardless of when the dispute is made.[2]

The FDCPA states:  "If the consumer notifies the debt collector within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b).  Thus, if a consumer fails to dispute the debt within the thirty-day period, he arguably loses his right to require the debt collector to cease collecting the debt pending an untimely demand for verification of the debt.

However, nowhere does the FDCPA state that the consumer loses his right to *dispute* the debt after the thirty-day period, nor does the FDCPA impose a more onerous requirement on the consumer (such as having to provide "proof" of the dispute as argued by defendant) if the dispute is not made within the thirty-day period.

---

[2]  Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002); Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a "valid" reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. May 3, 1999).

Defendant admits in its brief that its employee told plaintiff that in order to dispute the debt, plaintiff would need to provide defendant with "proof" of the dispute, and because the employee's statements were false, defendant has made a false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A), and defendant has used a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

**VI.    Conclusion**

Mr. Velderman requests that the Court  grant his motion for partial summary judgment by determining that Midland Credit Management, Inc. has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) and (10).  Mr. Velderman leaves the determination of  whether MCM has violated the MCPA, as well as the award of damages, costs and reasonable attorney fees, for trial or other subsequent proceedings.

Dated: March 2, 2005                              Respectfully submitted,


                                        s/ Phillip C. Rogers
                                            Phillip C. Rogers (P34356)
                                            Attorney for Plaintiff
                                            Trust Building, Suite 336
                                            40 Pearl Street, N.W.
                                            Grand Rapids, Michigan 49503
                                            (616) 776-1176